**Lucille Jordan JACKSON,**
**Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION, PEORIA SCHOOL DISTRICT # 150,**
**Defendant–Appellee.**

**No. 02–3991.**

United States Court of Appeals,
Seventh Circuit.

the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Submitted June 18, 2003.*

Decided June 18, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Between 1996 and 2000, Lucille Jordan Jackson was employed as a substitute teacher by Peoria School District # 150. After she received a number of negative performance evaluations between 1997 and 2000, the school district informed her on December 6, 2000 that it was terminating her employment as a substitute teacher. Jackson filed a lawsuit against the school district, alleging that the school district's real reason for terminating her employment was her race–African American–rather than her job performance, in violation of Title VII. The district court granted summary judgment for the school district, concluding that Jackson failed to make out a prima facie case of racial discrimination, and that even if she did, she could not show the school district's stated reason for termination (poor job performance) was pretextual.

Jackson now appeals the district court's decision, but her brief fails to comply with Federal Rule of Appellate Procedure 28(a)(9), which requires appellants to provide contentions and reasons for challenging the district court's decision along with relevant legal citations and citations to the record. Jackson's brief fails to satisfy any of these requirements–indeed, it does not even contain an "Argument" section and

does not cite a single case. Although we do construe pro se filings such as Jackson's liberally, pro se litigants must still comply with Rule 28(a)(9) or their appeals will be dismissed. *See Anderson v. Hardman,* 241 F.3d 544 (7th Cir.2001).

Accordingly, the appeal is DISMISSED.